JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: (602) 382-2749

GERALD A. WILLIAMS, #013115
Asst. Federal Public Defender
Attorney for Defendant
gerald_williams@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. CR-07-544-PHX-ROS |
|---|---|
| Plaintiff, | **OBJECTION TO PRESENTENCE REPORT and SENTENCING MEMORANDUM** |
| vs. | |
| Alonzo Love, | |
| Defendant. | |

Defendant Alonzo Love, by and through undersigned counsel, submits the following Memorandum in Objection to the Presentence Report and in support of a Downward Departure/Variance from the Guidelines.

**I.   Objection to the Language "Admitted Member of South Side Gang in San Diego"**

Mr. Love is no longer a member or an associate of any street gang. He did admit to being a member of a gang in San Diego, however, he stated that he left the gang 10 to 15 years ago and is no longer a member or an associate.

. . .

. . .

. . .

II. **Objection to Paragraph 79 of the Presentence Report**

    A. **U.S.S.G. § 2B1.1(b)(2)(A)(I)**

        Mr. Love objects to the two-level increase for more than ten (10) victims. His involvement in this case was limited to six transactions. Of the six transactions, five victims are identified (New Century Mortgage, Meritage Mortgage, Bank of America, and Westlake Financial).

        Mr. Love did not have any involvement or connection to other transactions listed in the indictment. Therefore, the enhancement under U.S.S.G. § 2B1.1(b)(9)(C) should not be applied.

    B. **"Sophisticated Means" Enhancement**

        For purposes of subsection (b)(9)(C), "sophistication means" refers to an especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense. For example, in a telemarketing scheme, locating the main office of the scheme in one jurisdiction but locating a solicitation operation in another jurisdiction ordinarily indicates sophisticated means. Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate skills or offshore financial accounts also ordinarily indicates sophisticated means. U.S.S.G., Application note 8(B).

        Mr. Love tried to take advantage of a "hot" real estate market. In order to qualify for a home and a car loan, that he might not otherwise qualify for, he claimed income and employment he did not have. He made false statements and had friends or associates verify the false statements. There is nothing sophisticated or complicated about his conduct. Therefore, the two-level increase should not be applied.

### III. Objection to Paragraph 82

The defendant objects to paragraph 82 because there is insufficient evidence to establish that Mr. Love was a manager or supervisor in the criminal activity. Part of Mr. Love's conduct involved the sale of one house to Michelle Parker. Mr. Love had no authority over Ms. Parker. Therefore, the enhancement should not be applied.

### IV. Objection to Paragraph 89

Paragraph 89 lists an arrest and sentencing date of April 10, 1995. The Pretrial Service report lists an offense date of February 1, 1995 for Obstruct/Resist a Public Officer. The disposition states that the prosecution was rejected.

The report also lists a July 23, 1996 offense date for Contempt: Under the Influence of a Controlled Substance. The disposition indicates that the case was dismissed. According to the Presentence Report, court records were destroyed and, as a result, the information was obtained through automated fingerprint-based criminal records. This documentation is insufficient to establish whether or not a conviction was entered. Therefore, this point should not apply.

### V. Conclusion

For the above reasons, the defendant requests that the objections be granted.

. . .

. . .

. . .

. . .

. . .

It is not expected that excludable delay will occur under Title 18 U.S.C. § 3161(h)(1)(I) as a result of this motion or from an order based thereon.

Respectfully submitted: December 18, 2008.

JON M. SANDS
Federal Public Defender

*s/Gerald A. Williams*
GERALD A. WILLIAMS
Asst. Federal Public Defender

Copy of the foregoing transmitted by ECF for filing this 18th day of December, 2008, to:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

KEVIN RAPP
Assistant U.S. Attorney
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

Copy mailed to:

JUSTINE KOZAK
United States Probation
Sandra Day O'Connor Courthouse
401 W. Washington, Suite 160
Phoenix, Arizona 85003

ALONZO LOVE
Defendant

*s/T.Gutierrez*
\ObjectionPSR&SentencingMemoMTN