DIANE J. HUMETEWA
United States Attorney
District of Arizona

KEVIN M. RAPP
Assistant U.S. Attorney
Arizona State Bar No. 014249
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500
kevin.rapp@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>      v.<br><br>Alonzo Love,<br><br>             Defendant. | CR-07-0544-PHX-ROS<br><br>**GOVERNMENT'S OBJECTIONS AND SENTENCING MEMORANDUM** |

The Plaintiff, United States of America, files these objections and sentencing memorandum for the court's consideration. This memorandum addresses both United States Sentencing Guidelines ("U.S.S.G.") and Title 18, United States Code, Section 3553 factors to be considered when imposing a sentence.

**I.      Objections**

   A.    Paragraph 79

            1.    Sophisticated Means

The defendant objects to the application of the sophisticated means enhancement arguing that Love was taking advantage of a "hot" real-estate market by using loan applications with false information to obtain homes and luxury vehicles. Under the sentencing guidelines, a two-level sentence enhancement applies if the offense involved "sophisticated means." *Id.* The commentary provides that a "sophisticated means" enhancement is appropriate if a defendant used "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." U.S.S.G. § 2B1.1, a.n. 6(B). For example, in a telemarketing scheme, locating the main office of the scheme in one jurisdiction, but locating soliciting operations in another jurisdiction, ordinarily indicates sophisticated means. Conduct such as

hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts also ordinarily indicates sophisticated means. U.S.S.G. § 2B1.1, a.n. 8(B).  See *United States v. Bistrup*, 449 F.3d 873, 882 (8th Cir. 2006) (holding that an enhancement for sophisticated means may apply even if individual acts are not complex, but there were complexities in the overall scheme).

Here, this enhancement is appropriate for the leaders of the conspiracy–Sharpe, Bowens and Dozzell–but not Love.  In the final analysis, Love was a buyer on two real estate transactions and recruited Michelle Parker on a third transaction.  Although the entire scheme was arguably sophisticated; Love's involvement was not.  Accordingly, the government joins the defense objection and asks that this enhancement not be applied.

        2.      Ten victims or more

The Defendant is correct that he was involved in only six transactions using false information on loan applications.  Three of the transactions involved real estate while two involved luxury vehicles.  These transactions involved Love recruiting a straw buyer and submitting fraudulent documents on her behalf.  Therefore, a two-level increase for ten or more victims is also not warranted.

        3.      Leadership

The government further joins the defense objection regarding defendant's leadership role; he should not receive a two-level increase for leadership.  Love did not have the same role in the offense as Sharpe, Bowens and Dozzell.  Although the entire conspiracy involved five or more individuals, Love did not hold a meaningful leadership role.  He directed a single "straw buyer" to falsify one loan application.  Therefore, a two-level enhancement is not appropriate.

**II.**    **Analysis of factors pursuant to Title 18, U.S.C. § 3553**

    A.    <u>Nature and Circumstances of the Offense</u>

Defendant pleaded guilty to being a member of a scheme and artifice to defraud lending institutions by arranging loans in the name of an unqualified "straw buyers/borrowers," including himself, for the purchase of homes and luxury vehicles.  Specifically, during the conspiracy (2002-2007) defendant recruited and directed Michelle Parker to fraudulently purchase a

residence for him. And, he purchased several properties falsifying his own assets and income. As a participant in the conspiracy, he caused the total loss of between $200,000 and $400,000 to various lending institutions.

B.     History and Characteristics of the Defendant

The defendant has a single conviction for DUI in 2001. He did commit the crimes alleged here while on probation. His employment record is sporadic. His work history for the last six years includes being involved in the instant offense. But he appears to have the ability to obtain legitimate employment as a plumber.

C.     Need for Sentence to Address Additional Title 18, U.S.C. § 3553 Factors.

The sentence advised by the guidelines, reduced by the objections above, are reasonable upon consideration of the nature and circumstances of the offense and Defendant's history and characteristics as discussed above, and the additional 18 U.S.C. § 3553 factors, as set forth below:

(1) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment;

(2) to afford adequate deterrence to criminal conduct;

(3) to protect the public from further crimes of the defendant; and

(4) to provide the defendant with educational or vocational training, medical care or other correctional treatment.

The current offense is a result of the defendant's long term association with Marcus Dozzell. Dozzell, Sharpe and Bowens were the driving forces behind the conspiracy. Love was able to conduct several fraudulent transactions where he profited substantially. Unfortunately, defendant has chosen a fraud that has, along with numerous others committing the same offense, resulted in disastrous impact on financial institutions. The rampant foreclosures due to fraud in Las Vegas, Phoenix and Southern California have resulted in the lowering of property values, foreclosures, loss of tax revenue and job losses. The defendant has had no legitimate employment the last six years but appears to be willing to pursue a career as a plumber. In any event, a prison sentence will promote respect for the law and provide an adequate deterrent and

protect the public from crime. Lastly, while in prison the defendant can receive vocational and education training.

**III.     Parity in Sentences**

In some situations courts have affirmed departures to lessen disparity among co-defendants. See *United States v. Boshell*, 952 F.2d 1101, 106-09 (9th Cir. 1991). Here, Lutrell Sharpe was sentenced to 88 months. The government is recommending 70 months for Micah Bowens and 58 months for Marcus Dozzell. All were leaders in the conspiracy and both Sharpe and Bowens have substantial criminal histories. Defendant, however, was involved in only three reals estate transactions and three transactions involving luxury vehicles. The entire conspiracy involved nineteen fraudulent transactions. Therefore, the loss attributable to defendant is substantially less and he held no leadership role. In the government's view a sentence less than the other coconspirators is appropriate.

**IV.     Government's Sentencing Recommendation**

Before the court is 34-year-old male, who has resided in San Diego for most of his life. He has had some previous contact with the criminal justice system limited to a DUI offense. This will be defendant's first significant prison sentence. His employment record is of concern as the defendant appears to have had no legitimate employment in the last six years. Nevertheless, his role in the offense and profit from the criminal activity was not as significant as others involved in the conspiracy. Therefore, based upon the factors detailed above the government recommends the calculation below:

| | | |
|---|---|---|
| Base Offense Level: | 19 | U.S.S.G. § 2S1.1(a)(1) |
| Adjustment for Role in the Offense: | 0 | U.S.S.G. § 3B1.1(a) |
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1(a) |
| Total Offense Level: | 16 | |

The applicable guideline range, based on the above calculation, in a criminal history category III, is 27 - 33 months.  The government recommends a sentence of 24 months.

Respectfully submitted this 12th day of February, 2009.

DIANE J. HUMETEWA
United States Attorney
District of Arizona

s/Kevin M. Rapp

KEVIN M. RAPP
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant: Gerald A. Williams, Attorney for Love.